IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36757-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JUAN O. GONZALEZ, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Juan Gonzalez challenges the imposition of a $1,000 fine imposed by the trial court after convicting Gonzalez of a Class B felony. Gonzalez is indigent. Because Gonzalez did not object before the trial court and because RCW 9A.20.021(b) authorizes a fine up to $20,000 for a Class B felony, we reject the challenge.

FACTS

The facts underlying the charge are irrelevant on appeal.

PROCEDURE

The State of Washington charged Juan Gonzalez with one count of possession with intent to deliver a controlled substance, methamphetamine. The trial court found Gonzalez indigent and appointed him counsel. After a bench trial, the trial court found Juan Gonzalez guilty on the sole charge.

Possession with intent to deliver a controlled substance, methamphetamine, is a class B felony. RCW 69.50.401(2)(b). The trial court imposed a sentence of twelve months and a day and one year of community custody. The court also imposed mandatory legal financial obligations and a $1,000 fine. Gonzalez did not object to the imposition of the $1,000 fine. The trial court minutes memorialized the $1,000 as a fine. CP 338. The felony judgment and sentence form labeled the $1,000 as "[o]ther fines and costs." Clerk's Papers at 329.

## LAW AND ANALYSIS

On appeal, Juan Gonzalez contends that the law precluded imposition of the $1,000 fine because of his indigency. The State responds that Gonzalez failed to preserve the assignment of error for appeal because he registered no objection before the trial court.

An appellate court may refuse to review any claim of error which was not raised in the trial court. RAP 2.5. A previously unchallenged fine is not subject to review initially on appeal. *State v. Clark*, 191 Wn. App. 369, 376, 362 P.3d 309 (2015).

Even if we reviewed the merits of the appeal, we would affirm the trial court. Juan Gonzalez argues that, pursuant to RCW 10.01.160(3), *State v. Ramirez*, 191 Wn.2d 732, 738-39, 426 P.3d 714 (2018), and *State v. Blazina*, 182 Wn.2d 827, 839, 344 P.3d 680 (2015), the trial court should have considered his financial ability to pay a fine before imposing the fine. Nevertheless, the statute and the cases concern discretionary legal

2

financial obligations or costs, not a statutory fine. RCW 9A.20.021(b) authorizes the trial court to impose a fine up to $20,000 for a Class B felony regardless of the offender's financial condition. Although we encourage trial courts to consider the offender's financial status when imposing a fine, the trial court holds no obligation to do so. *State v. Clark*, 191 Wn. App. 369, 374 (2015).

## CONCLUSION

We affirm the trial court's imposition of a $1,000 fine on Juan Gonzalez.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, A.C.J.

_____
Siddoway, J.